MURDOCK, Justice
(dissenting).
In the portion of the opinion of the trial court quoted by the main opinion of this Court, the trial court relied upon a number of decisions holding, in reference to the potential apportionment of compensation under §§ 25-5-57(a)(4)e and 25-5-58, Ala. Code. 19.75, that an employee is not considered to suffer from a preexisting condition if that condition is not affecting the worker’s job performance at the time the worker suffers a job-related injury. Those cases do not appear to involve a preexisting infirmity that,, though not an impediment to job performance at the time of the new injury, would eventually become such thereafter, even in the absence of the new injury. Compare Ex parte Lewis, 469 So.2d 599, 601 (Ala.1985) (“Since Lewis’s ability to work was unaffected by the arteriosclerosis prior to the accident, and there is no ’evidence in the record to indicate that the condition wúnld have become symptomatic during' the compensable pe-nad but for the injury, the Court of Civil Appeals’ decision affirming the apportionment of the award for permanent disability between the work related injury and the preexisting infirmity [was in error].” (emphasis added)).
Here, Judge Moore, writing for the majority of the Court of Civil Appeals, explains how the evidence in .this case supports the conclusion that Lisa‘Hanvey recovered from the effects of her 2011 injury and explains that it was her underlying condition that caused her to be unable to continue her employment at Madison, Academy, Inc. On the strength of the factual and legal analysis of the issue of causation offered by the opinion of the Court of Civil Appeals, I respectfully dissent.